**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America | No. CR18-08246-PCT-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Martin Gerardo Mendoza, | |
| Defendant. | |

The government has charged Defendant Martin Gerardo Mendoza with three counts of abusive sexual contact in violation of 18 U.S.C. §§ 1152, 2242(2)(B), 2244(b), 2246(2)(A), and 2246(3). Doc. 40. Pending before the Court are Mendoza's and the government's motions in limine. Docs. 61, 62, 73. The Court will deny Mendoza's motion and grant the government's motions in part.

**I.    Background.**

The government alleges that Mendoza sexually abused his coworker, C.B., while at a work conference. *See* Docs. 40; 61 at 2. On May 3, 2018, Mendoza and C.B. drove together to the conference in Prescott, Arizona. Doc. 61 at 2. Later that evening, Mendoza and C.B. visited several bars with their coworkers and C.B. became very intoxicated. Unable to walk unaided, Mendoza and another coworker helped C.B. to her hotel room, used her room key to enter, placed her on the bed, and then left. *Id.* According to the government, Mendoza kept C.B.'s room key and, about 30 minutes later, returned to abuse

her. *Id.*

**II. Federal Rules of Evidence 401, 402, and 403.**

The relevance and admissibility of evidence at trial is governed in part by Rules 401, 402, and 403. Evidence is relevant under Rule 401 if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401(a)-(b). Rule 402 provides that relevant evidence is admissible unless otherwise excluded by the rules, a federal statute, or the Constitution, and that irrelevant evidence is not admissible. Fed. R. Evid. 402. Rule 403 states that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Trial courts have discretion to limit or exclude evidence under Rules 402 and 403. *United States v. Scholl*, 166 F.3d 964, 971 (9th Cir. 1999).

**III. The Government's Motions.**

**A. To Preclude Testimony under Rules 401-404 and 608.**

Mendoza disclosed summaries of his investigator's interviews with two coworkers, Martin Lopez and Sonia Bermudez. *See* Doc. 61 at 3. Based on that disclosure, the government moves to preclude certain testimony under Rules 401-404 and 608. *Id.* at 2-3.

Lopez stated to the investigator that C.B. is "more aggressive than most women," a "very jolly person," and "one of the guys." *Id.* at 3. He also stated that a supervisor once "threw some work gloves on [C.B.'s] desk and asked her to do something with them," and C.B. felt offended. *Id.* Of this incident, Lopez stated that C.B. "made a bigger deal than it actually was." *Id.* He reported that he did not feel comfortable going to conferences with her because he did not want her to "turn things into something they're not," and that he has lost trust in her. *Id.* Lopez stated also that Mendoza is nice, honest, and "not a pig." *Id.*

Bermudez described C.B. as loud, and "aggressive at work." *Id.* She stated that C.B. has made unspecified "racial remarks" about "black guys or Chinese guys," and that C.B. has no filter, acts like a teenager, and "lacks common sense for a woman her age." *Id.* Bermudez reported that C.B. once embarrassed herself at a party and needs to stop

drinking. *Id.*

Mendoza does not seek to admit much of the testimony above, and offers only the following under Rule 608. *See* Doc. 74. Mendoza will elicit from Lopez that C.B. "is dangerous and will turn things into something they are not," and that she lacks a character for truthfulness. *Id.* at 5. If Mendoza's character for truthfulness is attacked, Lopez will also testify that Mendoza is truthful. *Id.* at 6.

Mendoza will elicit from Bermudez that C.B. is not credible and exaggerates a lot. *Id.* He also seeks to elicit Bermudez's testimony about two specific events where C.B. drank alcohol at parties and acted "in a sexually aggressive manner" to different coworkers. *Id.* at 6. Bermudez would also testify about her conversations with C.B. after the allegations against Mendoza became public and her belief that C.B. fabricated the event. *Id.* at 6-7.

Rule 608(a) provides:

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed. R. Evid. 608(a).

Lopez may not testify that C.B. is dangerous. Mendoza makes no showing that a reputation for dangerousness bears on C.B.'s general character for truthfulness under Rule 608(a). And Bermudez may not testify on direct examination about her opinion that C.B. fabricated the allegations at issue. "Rule 608(a) of the Federal Rules of Evidence does not permit a witness to testify that another witness was truthful or not on a specific occasion." *United States v. Pereira*, 848 F.3d 17, 22 (1st Cir. 2017); *see also United States v. Charley*, 189 F.3d 1251, 1267 n.21 (10th Cir. 1999). Moreover, pursuant to Rule 412 and for the reasons explained below, Bermudez may not testify about C.B.'s allegedly sexually aggressive behavior at the two parties.

If C.B. testifies about the alleged attack at trial, evidence of her character for truthfulness is relevant under Rule 401. Under Rule 608(a), Lopez may testify that C.B. has a general reputation for untruthfulness and Bermudez may testify that C.B. has a reputation for not being credible and for exaggerating. If the government attacks Mendoza's character for truthfulness, Lopez may also testify that Mendoza has a reputation for being truthful.

The government argues that Lopez and Bermudez lack foundation to offer reputational testimony about C.B. and seeks an evidentiary hearing under Rule 104(c)(3). Docs. 61 at 5; 78 at 3. Because this is a bench trial, however, foundational issues can be addressed during trial – Rule 104(c)(3) applies to jury trials. In ruling on any foundation objections, the Court will remember that lay opinion testimony is governed by Rule 701. That rule provides that the opinion testimony must be "rationally based on the witness's perception." Fed. R. Evid. 701(a). "Rule 701 requires a lay opinion [on character for truthfulness] to be based on some personal knowledge, but does not impose formal prerequisites such as long acquaintance or recent information about the witness." 4 Weinstein's Federal Evidence § 608.13 (2019).

### B. To Preclude Evidence Under Rule 412.

With three exceptions, Rule 412 prohibits "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a), (b). "The purpose of the rule is to 'safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.'" *United States v. Perez*, 662 F. App'x 495, 496 (9th Cir. 2016) (quoting Fed. R. Evid. 412 advisory committee's notes (1994 amendments)). The rule has been read broadly, and includes even an alleged victim's thoughts and dreams. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002); *United States v. Torres*, 937 F.2d 1469, 1472 (9th Cir. 1991).

Pursuant to Rule 412, the government moves to preclude all evidence of C.B.'s

sexual behavior or predisposition, including evidence that C.B. has sometimes made jokes involving sexual innuendo, discussed her sexual history with others, stated that she "had a crush" on someone, described her experience of dancing and kissing, and made advances to someone at a party. Doc. 73. Mendoza's response does not address this evidence, and seeks only to admit the same testimony discussed above regarding the government's first motion. *See* Doc. 75 at 6-8. He does state that "Lopez will not be testifying as to [C.B.'s] prior sexually provocative statements behavior." *Id.* at 7. But Mendoza again seeks to offer testimony from Bermudez about two incidents at different parties where C.B. drank and was "sexually aggressive." *Id.* He states that he offers this testimony "as impeachment" to show that C.B. "has a history of consuming substantial amounts of alcohol and consciously and purposefully engaging in sexual behavior," and that she "consciously and purposefully consented to all sexual acts with Mendoza." *Id.* at 8.

The Court will grant the government's motion and exclude all of this evidence. Mendoza has filed no proper motion seeking to admit evidence under Rule 412(b), and he does not argue – nor does the Court find – that any of subsection (b)'s exceptions apply. *See* Fed. R. Evid. 412(b)-(c). Mendoza refers to the Sixth Amendment and states that a "witness's credibility is always relevant and admissible," but cites no authority and fails to develop this argument as applied to the proffered evidence. Doc. 75 at 6. Mendoza makes no separate argument regarding evidence of C.B.'s drinking behaviors. In any event, it does not appear that the government disputes C.B.'s intoxication on May 3.

Under Rule 412, the Court will exclude Mendoza's proposed evidence of C.B.'s sexual behavior or predisposition, including evidence that she sometimes made jokes involving sexual innuendo, discussed her sexual history with others, stated that she "had a crush" on someone, or described her experience of dancing and kissing, and instances where she allegedly became sexually aggressive.

**IV. Mendoza's Motion to Preclude the Government's Expert.**

Mendoza moves to preclude all testimony by the government's expert, Kelly N. Willis, who will testify about coping mechanisms exhibited by victims of sexual assault,

including why they may delay in disclosing an assault. Docs. 62; 71 at 2. Mendoza's motion comprises a single page and cites no authority except *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), and Rules 401 and 403. *See id.* at 2. Mendoza does explain why Willis's testimony is inadmissible under *Daubert*. He states only that the testimony is irrelevant, confusing, and will waste time, has no value in a bench trial, and amounts to vouching for the government's theory of the case. *Id.* The government's response addresses the relevancy and reliability of Willis' testimony thoroughly, and cites extensive caselaw showing that courts routinely admit similar evidence. *See id.* at 3-6. Mendoza filed no reply. The Court will deny the motion.

**IT IS ORDERED:** the government's motions (Docs. 61 and 73) are **granted** as explained above. Defendant's motion (Doc. 62) is **denied**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 6/19/2019 .

Dated this 17th day of July, 2019.

David G. Campbell
Senior United States District Judge